# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL LEWIS BOONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEWART, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-1282-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>ECF No. 10<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Emanuel Lewis Boone ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 9, 2020, was screened and Plaintiff was granted leave to amend. Plaintiff first amended complaint, filed on November 6, 2020, is currently before the Court for screening. (ECF No. 10.)

**I.　　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, California.  The events in the complaint allegedly arose in Corcoran State Prison ("Corcoran") and Wasco State Prison ("Wasco").  Plaintiff names the following defendants: (1) Vaughn Stewart, Dentist at Corcoran; (2) Gordon Lai, Dentist at Corcoran; (3) Arie Ryndero, Dentist at Wasco; and (4) J. Jang, Dentist at Wasco.

Plaintiff alleges Eighth Amendment deliberate indifference claims as to a serious medical need. On November 8, 2016, Plaintiff saw Dentist Jang about excruciating pain in one of Plaintiff's upper right molars, next to his left canine tooth.  Plaintiff had turned in numerous medical slips about this same tooth and being in pain.  Plaintiff was in debilitating pain to where Plaintiff could not eat or sleep.  When Plaintiff saw Dr. Jang, Dr. Jang told Plaintiff that there was nothing he could do and sent Plaintiff back to his cell without intervention on November 8, 2016. Dr. Jang knew Plaintiff was in pain yet Dr. Jang did nothing.

On November 21, 2016, Plaintiff saw Dentist Stewart in regard to the same molar. Plaintiff was in immense pain and told Dr. Steward so, but Defendant refused to give Plaintiff any pain medication. Defendant Steward smugly told Plaintiff that he only does extractions and that he was not giving Plaintiff any pain medication. Plaintiff was left to suffer in pain. Plaintiff alleges that all he needed was a simple filling for the cavity in his tooth. There was no need for an extraction. He just needed a filling.

On December 28, 2016, Plaintiff saw Dentist Gordon Lai for the same tooth. This time he relented and just let Dr. Lai pull the tooth because he was tired of being in pain. Even after Defendant Lai extracted the tooth, Defendant did not give Plaintiff anything to prevent the pain and even after Plaintiff told Defendant that he was in pain.

Plaintiff seeks compensatory damages and replacement of the tooth.

**III.    Discussion**

A. **Linkage**

Plaintiff fails to link Defendant Ryndero to any constitutional violation. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link Defendant Ryndero to any wrongful conduct. There are no allegations which allege that Ryndero violated Plaintiff's constitutional rights.

3

Despite being provided relevant legal and pleading standards, Plaintiff has been unable to cure this deficiency.

**B. Deliberate Indifference to Serious Medical Needs**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " Peralta v. Dillard, 744 F.3d 1076, 1081–82 (2014) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); accord Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Whitley, 475 U.S. at 319, 106 S.Ct. 1078). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847, 114 S.Ct. 1970. Deliberate indifference is a high

legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " Id. at 1057 (quoting Farmer, 511 U.S. at 837, 114 S.Ct. 1970). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting Jett, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotation marks omitted).

It is unclear whether Plaintiff faced a serious medical need within the meaning of the Eighth Amendment. An Eighth Amendment deprivation "must be, objectively, 'sufficiently serious' and result in the denial of 'the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. At least one court has held that a practice, policy or procedure under which Plaintiff's tooth was to be extracted rather than refilled, does not constitute a deprivation of the "minimal civilized measure of life's necessities." Allen v. Christianson, No. 109-CV-00930, 2009 WL 3824370, at *2 (E.D. Cal. Nov. 13, 2009), citing Toguchi, 391 F.3d at 105.7

For screening purposes, and liberally construing the allegations, the Court will assume that Plaintiff's pain in his tooth was a serious medical need. Plaintiff's claim that he should have received pain medication is the type of difference in medical opinion between a lay prisoner and medical personnel is insufficient to establish a constitutional violation. See Alford v. Gyaami, No. 2:13-cv-2143 DAD P, 2015 WL 3488301, at *10 n.3 (E.D. Cal. June 2, 2015) (noting that "in other contexts, courts within this circuit have consistently rejected a prisoner's attempt to dictate the terms of their pain medication") Nonetheless, because Plaintiff has alleged that no care was provided by Defendants Jang and Steward and that Defendant Lai ignored claims of debilitating

5

pain, the Court liberally construes the allegations and finds Plaintiff states a cognizable claim.

### D. Injunctive Relief

Insofar as Plaintiff seeks injunctive relief against prison officials at Wasco or Corcoran, any such request is now moot because Plaintiff is no longer housed at that facility. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### IV.   Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's amended complaint states a cognizable claim for deliberate indifference to medical care in violation of the Eighth Amendment against Defendants Jang, Steward and Lai.  However, Plaintiff's complaint fails to state any other cognizable claims for relief.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

FURTHER, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed November 6, 2020, (ECF No. 10), on a cognizable claim for deliberate indifference to medical care in violation of the Eighth Amendment against Defendants Jang, Steward and Lai.; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\*\*\*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 13, 2020**        /s/ *Barbara A. McAuliffe*  _
                                UNITED STATES MAGISTRATE JUDGE