# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL LEWIS BOONE,<br><br>  Plaintiff,<br><br>  v.<br><br>STEWART, *et al.*,<br><br>  Defendants. | Case No.  1:20-cv-01282-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION<br><br>(ECF No. 25)<br><br>**FOURTEEN (14) DAY DEADLINE** |

### **FINDINGS AND RECOMMENDATIONS**

**I.   Background**

Plaintiff Emanuel Lewis Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Jang, Stewart, and Lai ("Defendants") for deliberate indifference to medical care in violation of the Eighth Amendment.

On May 25, 2021, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his prisoner administrative remedies as required by the Prison Litigation Reform Act for his Eighth Amendment claims against Defendants.[1]  Fed. R. Civ. P. 56(c), *Albino*

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 25-1.)

*v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 574 U.S. 968 (2014).  (ECF No. 25.)  Plaintiff filed his opposition on June 16, 2021, (ECF No. 27), and Defendants filed a reply on June 22, 2021, (ECF No. 28).

The motion for summary judgment is deemed submitted.[2]  Local Rule 230(l).

## II. Defendants' Motion for Summary Judgment

### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue

---

[2] This motion was dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

1  of exhaustion remains with Defendants.  *Id.* (quotation marks omitted).

2   **B.     Summary Judgment Standard**

3   Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172.  If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*  "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  *Id.* at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  *Id.*

**III.  Discussion**

   **A.     Summary of CDCR's Administrative Review Process**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level."  *Reyes*

*v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)). *See also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

The process was initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. *Id.* at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. *Id.* at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. *Id.*

**B.   Undisputed Material Facts (UMF)[3]**

1. At all times relevant to the allegations in the first amended complaint ("FAC"), Plaintiff was housed at either California State Prison, Corcoran, or Wasco State Prison. (FAC, ECF No. 10, pp. 1–4.)
2. At all times relevant to the allegations in the FAC, Defendants Stewart and Lai were employed as Dentists at California State Prison, Corcoran. (*Id.* at 3.)
3. At all times relevant to the allegations in the FAC, Defendant Jang was employed as a Dentist at Wasco State Prison. (*Id.* at 4.)
4. In the FAC, Plaintiff claims that in November 2016, Defendant Jang denied pain

---

[3] ECF No. 25-3. Plaintiff did not provide a separate statement of undisputed facts in his opposition. Local Rule 260(a). As a result, Defendants' Separate Statement of Undisputed Facts is accepted except where brought into dispute by Plaintiff's opposition to the motion for summary judgment, signed under penalty of perjury. (ECF No. 27.) *See Johnson v. Melzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (verified motion may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

medication or adequate treatment for a right molar cavity. (*Id.* at 5.)[4]

5. In the FAC, Plaintiff contends that in November and December 2016, he was denied pain medication or a filling for a right molar cavity by Defendants Stewart and Lai. (*Id.* at 5–6.)

6. On December 28, 2016, Plaintiff alleges his right molar cavity was extracted, and he still was in pain. (*Id.* at 6.)

7. From November 2016 (the time of the alleged conduct in the FAC) through November 2020 (the date Plaintiff filed the FAC), Plaintiff processed six healthcare appeals through the Headquarters Level of Review. (ECF No. 25-4 ("Gates Decl.") ¶ 9.)

8. Plaintiff submitted Log No. COR-HC-17000107 on December 14, 2017, which alleged that Plaintiff was assaulted by correctional staff on September 27, 2017 and belatedly received medical treatment from non-defendant staff. (*Id.*, Ex. B, p. 4.)

9. Plaintiff submitted Log No. SATF-HC-18001341 on November 1, 2018, which indicated that he wanted his teeth replaced following extraction. Plaintiff generally claims these alleged issues with his cavities took place at North Kern State Prison, Wasco State Prison, and Corcoran State Prison. (*Id.*, Ex. C, pp. 3–4.)

10. Plaintiff submitted Log No. KVSP-SC-19000006 on May 28, 2019, which claimed that Plaintiff was being ridiculed for his mental disability and he was suicidal. (*Id.*, Ex. D, p. 3.)

11. Plaintiff submitted Log No. COR-SC-19000159 on December 26, 2019, which alleged that a psychiatric technician was not complying with procedure when dispensing medications cell side. (*Id.*, Ex. E, p. 5.)

12. Plaintiff submitted Log No. COR-SC-20000001 on March 13, 2020, which claimed a psychiatric technician failed to administer medications that were prescribed by Plaintiff's treating clinician. (*Id.*, Ex. F. p. 3.)

13. Plaintiff submitted Log No. COR-HC-20000051 on May 18, 2020, which alleged that

---

[4] Defendants clarify that the inclusion of Plaintiff's allegations in UMF 4–6 is not an indication that Defendants admit the allegations, and are only included to the extent they show Plaintiff failed to exhaust the allegations against Defendants.

1  Adventist Health failed to adequately treat him for his psychotic episodes and attempted
2  suicide.  (*Id.*, Ex. G, p. 4.)

**C.      Analysis of Motion**

  1.      Parties' Positions

Defendants contend that the only relevant grievance Plaintiff filed failed to challenge the care he received for his upper right molar and its ensuing extraction, and did not identify any 2016 dental care issues involving Defendants.  The lone relevant grievance was also not submitted until approximately two years after the challenged dental care from Defendants, and would be untimely even if it had sufficiently challenged the 2016 dental actions of Defendants.

Plaintiff argues in opposition that he was only required to name Defendants in his grievance if their identities were known, and moreover a grievance suffices when it alerts the prison to the nature of the wrong for which redress is sought.  Plaintiff argues that with the facts presented, Defendants' motion should be denied.  Plaintiff agrees that aside from SATF-HC-18001341, the other grievances included in Defendants' motion for summary judgment are not relevant to the facts in this suit.  The decision in SATF-HC-18001341 stated that it exhausted Plaintiff's administrative remedies.  Plaintiff tried to exhaust his claims in good faith and was given a decision that said Plaintiff's administrative remedies were exhausted.  If the prison's Appeals Coordinator failed to properly or diligently go about their duties, it is not fault of Plaintiff.

In reply, Defendants argue that SATF-HC-18001341 is deficient not only due to Plaintiff's failure to identify Defendants, but also because it fails to identify specific mistreatment and fails to timely raise allegations regarding specific mistreatment in 2016.  Plaintiff was notified multiple times that his grievance was insufficient to exhaust specific allegations because he failed to identify the dates of the tooth extractions, which extractions were problematic, or which officials were involved in the extractions, but Plaintiff did not cure the defects.

  2.      SATF-HC-18001341

The parties are in agreement that SATF-HC-18001341 is the only grievance potentially relevant to the claims raised in the first amended complaint.  The Court finds that SATF-HC-

6

1  18001341 did not exhaust Plaintiff's administrative remedies with respect to his claims against
2  Defendants in this action.

3  First, Plaintiff failed to identify any of Defendants or any specific mistreatment in SATF-
4  HC-18001341.  While Plaintiff is correct that the relevant regulations did not require him to
5  include the names of the staff members if he did not know them, Plaintiff was nevertheless
6  required to "provide any other available information that would assist the appeals coordinator in
7  making a reasonable attempt to identify the staff member(s) in question."  Cal. Code Regs. tit. 15,
8  § 3084.2(a)(3) (2018).  Despite being notified on June 19, 2018 that his grievance needed to
9  include a description of the specific complaint relating to his healthcare, (ECF No. 25-4, p. 41),
10 Plaintiff included only general allegations of "dental malpractice & negligence" at multiple
11 institutions, (*id.* at 36).  Plaintiff alleges that unspecified dental staff extracted several teeth that
12 could have been saved because they performed extractions instead of fillings.  (*Id.* at 34, 36.)
13 Plaintiff made no attempt to specify dates or specific locations of his care or to otherwise provide
14 identifying information about specific staff members involved.  This was not sufficient to place
15 prison officials on notice of Plaintiff's claims against Defendants in this action, or to any specific
16 mistreatment by staff on any date.

17 Further, even if Plaintiff's general allegations were sufficient to place officials on notice
18 of the nature of Plaintiff's claims, the grievance was not timely submitted.  When Plaintiff was
19 provided the opportunity to explain the timeframes of the extractions and what obstacles
20 prevented Plaintiff from submitting his grievance at an earlier date, Plaintiff responded that at the
21 time of the events, he did not have knowledge that this was malpractice.  (*Id.* at 40.)  Plaintiff
22 states that it was only "recently" that he received legal documentation saying that it is
23 unconstitutional for dental staff to extract teeth that can otherwise be saved.  (*Id.* at 34.)
24 However, Plaintiff again failed to specify the dates of the relevant extractions or the date that he
25 became aware that he may have a medical malpractice or constitutional claim.  Even assuming
26 that Plaintiff's discovery of relevant legal authority constitutes Plaintiff's "initial knowledge" of
27 the action being grieved, Plaintiff has not provided any evidence that this discovery occurred
28 fewer than 30 calendar days before he submitted SATF-HC-18001341.

1      Accordingly, the undisputed evidence shows that Plaintiff failed to exhaust his
2 administrative remedies against Defendants, as no grievances filed within the prescribed time
3 constraints placed prison officials on notice of the nature of Plaintiff's claims in this action.
4 Further, based on the evidence in the record, the Court finds that there were administrative
5 remedies available to Plaintiff, and Plaintiff has identified no excuse for his failure to fully
6 exhaust his administrative remedies for his claims against Defendants.

**IV.     Recommendation**

   Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust, (ECF No. 25), be granted.

   These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:    **March 1, 2024**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE