# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL LEWIS BOONE,<br><br>   Plaintiff,<br><br>   v.<br><br>STEWART, *et al.*,<br><br>   Defendants. | Case No.: 1:20-cv-01282 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION, DISMISSING THE FIRST AMENDED COMPLAINT, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 25, 33) |

Emanuel Lewis Boone seeks to the defendants liable for medical deliberate indifference in violation of his rights arising under the Eighth Amendment. (*See* Docs. 10, 14.) Defendants moved for summary judgment, asserting Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act. (Doc. 25.)

The magistrate judge found there is no dispute of material fact that Plaintiff failed to fully exhaust his administrative remedies as to his claim against Defendant. (Doc. 33.) Specifically, the magistrate judge determined the undisputed evidence demonstrates that in the relevant grievance, "Plaintiff failed to identify any of Defendants or any specific mistreatment." (*Id.* at 7.) The magistrate judge observed: "Despite being notified … that his grievance needed to include a description of the specific complaint relating to his healthcare, Plaintiff included only general allegations of 'dental malpractice & negligence' at multiple institutions." (*Id.*, internal citation omitted.) Because "Plaintiff made no attempt to specify dates or specific locations of his care or to otherwise provide identifying

1

information about specific staff members involved," the magistrate judge determined the grievance "was not sufficient to place prison officials on notice of Plaintiff's claims against Defendants in this action, or to any specific mistreatment by staff on any date." (*Id.*) The magistrate judge also found there was no evidence the grievance was timely given Plaintiff's failure to specify the dates. (*Id.*) Finally, the magistrate judge determined Plaintiff "identified no excuse for his failure to fully exhaust his administrative remedies for his claims against Defendants." (*Id.* at 8.) Therefore, the magistrate judge recommended Defendants' motion for summary judgment be granted. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified Plaintiff that any objections were due within 14 days. (Doc. 33 at 8.) The Court advised Plaintiff that failure to file objections within the specified time may result in the waiver of rights on appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations filed on March 4, 2024 (Doc. 33) are **ADOPTED** in full.
2. Defendants' motion for summary judgment (Doc. 25) is **GRANTED**.
3. Plaintiff's first amended complaint (Doc. 13) is **DISMISSED** without prejudice for failure to exhaust administrative remedies.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 25, 2024**

UNITED STATES DISTRICT JUDGE